IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY R. HEMPHILL, | Case No. 2:09-cv-00116-MSB |
| Plaintiff, | **ORDER** |
| vs. | |
| HIGH DESERT STATE PRISON, | |
| Defendant. | |

This case was reassigned to the undersigned judge. (Dkt. #12). Plaintiff Billy R. Hemphill, who is confined in High Desert State Prison, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Dkt. #1). After reviewing Hemphill's Application to Proceed *In Forma Pauperis* and screening Hemphill's Complaint pursuant to 28 U.S.C. § 1915A, the Court will grant Hemphill's request to proceed *in forma pauperis* and order Defendants Dillard and Nichols to answer Hemphill's Eighth Amendment claim for excessive force.

**I.     Application to Proceed In Forma Pauperis & Filing Fee**

Hemphill requests leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Dkt. #2). Hemphill has made the showing required by § 1915(a)(1),(2) and his request to proceed *in forma pauperis* will be granted. Pursuant to 28 U.S.C. § 1915(b)(1), Hemphill is obligated to pay the statutory filing fee of $350.00 for this action. Hemphill is assessed an initial filing fee of $1.66. 28 U.S.C. §1915(b)(1). Hemphill is required to make monthly

1 payments of twenty percent of the preceding month's income credited to Plaintiff's trust
2 account. By separate order, the Court will direct the California Department of Corrections
3 to collect these payments and forward them to the Clerk of the Court each time the amount
4 in Hemphill's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. §
5 1915(b)(2).

6 **II.     Statutory Screening of Prisoner Complaints**

7 The Court is required to screen complaints brought by prisoners seeking relief against
8 a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.
9 § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
10 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
11 be granted, or that seek monetary relief from a defendant who is immune from such relief.
12 28 U.S.C. § 1915A(b)(1), (2).

13 **III.    Background**

14 Hemphill is currently incarcerated at High Desert State Prison. He alleges that on
15 January 2, 2008, while being escorted back from a rules violation disciplinary hearing, he
16 was punched in the jaw and the ear and slammed to the ground by two correctional officers.
17 Hemphill alleges that at the time of this incident he was verbally responding to having been
18 called a racist name by an unidentified individual. He names correctional officers T. Dillard
19 and B. Nichols as defendants and seeks $250,000 in damages for physical injury and
20 emotional distress.

21 **IV.    Claims for Which an Answer Will Be Required**

22 To state a valid claim for relief under § 1983, a plaintiff must allege that he suffered
23 a specific injury as a result of a defendant's specific conduct and show an affirmative link
24 between the injury and that defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72,
25 377 (1976).

26 **A.    Pleading Standard**

27 Pro se pleadings are to be liberally construed. *Hains v. Kerner*, 404 U.S. 519, 520-21
28 (1972). Nonetheless, a pro se plaintiff must satisfy the pleading standard set forth in the

Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). In addition,"[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### B.   Eighth Amendment

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). "[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." *Id.* at 1. Nonetheless, "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)).

Hemphill's allegations that he was punched in the jaw and ear and slammed to the ground on his face on a specified date and in specific circumstances adequately states a claim for the of excessive force in violation of the Eighth Amendment. Although Hemphill does not allege any notable injury, the level of force alleged in the complaint is not *de minimis*. *See Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (holding that the Eighth Amendment inquiry focuses "on the amount of force used, not the nature or severity of the injury inflicted"). Additionally, there are no facts alleged in Hemphill's Complaint that suggest that this action was taken in a good faith effort to maintain or restore discipline.

### V.   Warnings

### A.   Address Changes

Hemphill must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Hemphill must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.    Copies**

Hemphill must submit an additional copy of every filing for use by the Court. *See* LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.    Possible Dismissal**

If Hemphill fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**Accordingly,**

**IT IS HEREBY ORDERED THAT:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28 U.S.C. § 1951(a)(1).

(2)    Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action pursuant to 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this Court's order to the California Department of Corrections, which will be filed concurrently with this Order.

(3)    Defendants Dillard and Nichols shall answer Plaintiff's Eighth Amendment claim.

(4)    The Clerk of the Court shall send Plaintiff a service packet including the Complaint (Dkt. #1), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants Dillard and Nichols.

(5)    Within **30 days** of the date of filing of this Order, Plaintiff shall complete and return to the Clerk of the Court the Notice of Submission of Documents. Plaintiff shall

submit with the Notice of Submission of Documents: three copies of the Complaint, a copy of this Order, a completed summons, and one completed USM-285 for each Defendant named above.

(6) Plaintiff shall not attempt service on Defendants and shall not request waiver of service. Once the Clerk of the Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

(7) **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of the Court shall, without further notice, enter a judgment of dismissal of this action without prejudice.** See **Fed. R. Civ. P. 41(b).**

DATED this 11th day of November, 2009.

/s/ Marsha S. Berzon

MARSHA S. BERZON
United States Circuit Judge
Sitting by designation