# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY R. HEMPHILL, | Case No. 2:09-cv-00116-MSB |
| Plaintiff, | **ORDER** |
| vs. | |
| HIGH DESERT STATE PRISON, *et al.*, | |
| Defendants. | |

Plaintiff Billy R. Hemphill, currently incarcerated at High Desert State Prison (HDSP) in Susanville, California and proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 against Defendants T. Dillard and B. Nichols. Hemphill alleges that Defendants Dillard and Nichols used excessive force in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

Now pending is the motion to dismiss of Dillard and Nichols, in which they argue that Hemphill failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act. (Dkt. # 25). For the following reasons, Defendants' motion is denied.

**I.   Background**

Hemphill alleges that on January 2, 2008, while being escorted back from a rules violation disciplinary hearing, correctional officers Dillard and Nichols punched him in the jaw and the ear and slammed him to the ground. (Dkt. # 1). Hemphill alleges that at the time of this incident he was verbally responding to having been called a "racist name" by an

1 unidentified individual. (*Id.*) He names Officers Dillard and Nichols as defendants and
2 seeks $250,000 in damages for physical injury and emotional distress. (*Id.*) After screening
3 the complaint under 28 U.S.C. § 1915A, the Court granted Hemphill's request to proceed *in*
4 *forma pauperis* and ordered Dillard and Nichols to answer the complaint. (Dkt. # 15).
5 Dillard and Nichols filed their answer on June 14, 2010, (Dkt. # 20), and moved to dismiss
6 on July 23, 2010. (Dkt. # 25).

**II.      Discussion**

   **A.      The Prison Litigation Reform Act**

9 The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available
10 administrative remedies before filing a § 1983 action in federal court. *See* 42 U.S.C. §
11 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). Exhaustion is a prerequisite for any
12 action regarding prison life "even when the prisoner seeks relief not available in grievance
13 proceedings, notably money damages." *Porter v. Nussle*, 534 U.S. 516, 523 (2002) (citing
14 *Booth v. Churner*, 532 U.S. 731, 741 (2001)). Prisoners must exhaust before filing the
15 action, not afterwards. *Vaden v. Summerhill*, 449 F.3d 1047, 1050-51 (9th Cir. 2006). "The
16 obligation to exhaust 'available' remedies persists as long as *some* remedy remains
17 'available.' Once that is no longer the case, then there are no 'remedies . . . available,' and
18 the prisoner need not further pursue the grievance." *Brown v. Valoff*, 422 F.3d 926, 935 (9th
19 Cir. 2005) (quoting *Booth*, 532 U.S. at 739–41) (emphasis and alteration in original).

20 Failure to exhaust administrative remedies under the PLRA is an affirmative defense.
21 *Jones v. Bock*, 549 U.S. 199, 212 (2007). The Ninth Circuit has held that "defendants have
22 the burden of raising and proving the absence of exhaustion." *Wyatt v. Terhune*, 315 F.3d
23 1108, 1119 (9th Cir. 2003), *cert. denied*, 540 U.S. 810 (2003). This burden requires
24 defendants to demonstrate that the inmate has failed to pursue some avenue of "available"
25 administrative relief. *Brown*, 422 F.3d at 936–37 (citing *Brown v. Crook*, 312 F.3d 109, 112
26 (3d Cir. 2002)). If the prisoner has failed to exhaust administrative remedies, the proper
27 remedy is dismissal without prejudice. *Wyatt*, 315 F.3d at 1120; *see also McKinney v. Carey,*
28 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam). The Court may, however, excuse a

prisoner's failure to exhaust if the prisoner takes "reasonable and appropriate steps" to exhaust administrative remedies but prison officials render administrative relief constructively unavailable. *See Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010) (holding that a prisoner's failure to file a timely appeal, caused by the warden's mistake, rendered the administrative remedies "effectively unavailable," such that the failure to exhaust was excused).

### B.     The CDCR's Grievance System

The California Department of Corrections and Rehabilitation ("CDCR") provides a four-step appeal process for prisoners who seek review of "any departmental decision, action, condition, or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs., tit. 15, § 3084.1(a); *see generally Brown*, 422 F.3d at 929–30. First, the inmate must file an "informal" appeal within 15 working days of the "event or decision being appealed." *Id.* §§ 3084.5(a), 3084.6(c). In certain circumstances, including "[a]lleged misconduct by a departmental peace officer," the prisoner may forego the informal appeal and file initially at the first formal level, conducted by the prison's Appeals Coordinator. *Id.* §§ 3084.5(a)(3), 3084.5(b). Next is the second level of review, normally conducted by the warden or regional parole administrator. *Id.* §§ 3084.5(c), 3084.5(e)(1). The third and final level is conducted by a designee of the CDCR. *Id.* § 3084.5(e)(2). The decisions of the third level "are not appealable and conclude the inmate or parolee's departmental administrative remedy." *Id.* § 3084.1(a). A final decision at the third level satisfies the PLRA's exhaustion requirement. *See Jensen v. Knowles*, 621 F. Supp. 2d 921, 926 (E.D. Cal. 2008).

The CDCR screens appeals to ensure compliance with departmental regulations, rejecting appeals that lack "necessary supporting documents." Cal. Code Regs., tit. 15, § 3084.3. If an official determines that an appeal does not comply with departmental regulations, then he or she must provide the inmate with a form "explaining why the appeal is unacceptable." *Id.* § 3084.3(d). If the appeal is rejected on the grounds that the inmate failed to attach necessary documentation, the CDCR must provide "clear instructions regarding further action the inmate must take to qualify the appeal for processing." *Id.*

### C. **Hemphill's Grievance**

Hemphill alleges that Defendants Dillard and Nichols punched him in the jaw and ear and slammed him to the ground on January 2, 2008. (Dkt. # 1). Hemphill waived informal review and timely filed a grievance at the first formal level on January 11, 2008. (Dkt. # 25, Clark Decl., Ex. A). In the "Action Requested" portion of the grievance form, otherwise known as a "602 form," Hemphill requested: (1) lie detector tests for each party to the action; (2) an investigation of his allegations; and (3) transfer to another unit or housing facility. (Dkt. # 28, Ex. A-3). The Appeals Coordinator partially granted Hemphill's grievance on February 14, 2008, by referring his matter to an internal investigation, but did not order polygraphs for all parties or Hemphill's transfer. (Dkt. # 25, Clark Decl., Ex. B). The Coordinator informed Hemphill that the investigation was complete and that the officers had not violated prison policy. (*Id.*) Further, the Coordinator instructed Hemphill that he could appeal the decision if he was unsatisfied. (*Id.*).

Hemphill appealed this decision on February 25, 2008. (Dkt. # 25, Clark Decl., Ex. B). In the box on the 602 form marked "explain reasons for requesting a Second-Level Review," Hemphill wrote: "My witness was not interview[ed], also this has not stop[ped] my paranoi[a] or staff reprisal[s] . . . ." (Dkt. # 25, Clark Decl., Ex B). Hemphill received a second level decision by HDSP's Warden on February 27, 2008, stating that the appeal was partially granted as to the concluded investigation and reminding Hemphill that the investigation had determined that the staff had not violated prison policy. (*Id.*). Even though Hemphill did not explicitly mention the lie detector tests or transfer in his second level appeal, the Warden nevertheless denied these requests once more. (*Id.*). Like the first level decision, the Warden informed Hemphill that his decision did not limit Hemphill's ability to pursue an appeal to the third level. (*Id.*).

The CDCR received Hemphill's third level appeal on March 10, 2008. (Dkt. # 25, Foston Decl., Ex. A). The CDCR "screened out" this appeal on April 29, 2008, because Hemphill failed to attach the necessary documentation as required by departmental regulations. (*Id.*). Hemphill did not resubmit his third level appeal. (*Id.*). However, there

- 4 -

is no indication that the CDCR notified Hemphill about screening out his third-level appeal or provided him with instructions for curing the appeal's defects.

On January 14, 2009, Hemphill filed this complaint alleging Eighth Amendment and due process violations. (Dkt. # 1).

**D.   Analysis**

Hemphill argues that he complied with the CDCR's administrative process and properly and timely filed his third level appeal by completing Part H of the CDCR's 602 form and mailing it to the CDCR's headquarters in Sacramento, California. The declarations and exhibits produced by Dillard and Nichols establish that the CDCR received Hemphill's third level appeal on March 10, 2008, but that the CDCR rejected the appeal for "MISSING DOCUMENTATION" on April 29, 2008. Hemphill did not resubmit his third level appeal. (Dkt. # 25, Foston Decl.; *Id.*, Ex. A).

Defendants argue that Hemphill failed to exhaust the administrative remedies because he did not resubmit his third level appeal. Based on the record before it, the Court disagrees.

While failure to pursue an available administrative remedy is normally grounds for dismissal under the PLRA, Dillard and Nichols have not carried their burden to demonstrate such a failure. As mentioned, it is undisputed that Hemphill filed a third-level appeal. It is similarly undisputed that this appeal was rejected by the CDCR, apparently because of inadequate documentation. But there is no evidence that the CDCR properly notified Hemphill of its decision to screen out his appeal or that it fulfilled its regulatory obligation to provide Hemphill with "clear instructions" about the requisite steps "to qualify the appeal for processing." *See* Cal. Code Regs., tit. 15, § 3084.3(d). Moreover, Defendants have failed to explain which documents the CDCR required Hemphill to attach to his third level appeal, and therefore the Court cannot say that the CDCR was justified in rejecting this appeal.

In light of the absence of evidence on these crucial issues, the Defendants have failed at this juncture to carry their burden to demonstrate that Hemphill did not exhaust all "available" administrative remedies. *See Jones*, 549 U.S. at 212; *Nunez*, 591 F.3d at 1224; *Brown* 422 F.3d at 936–37.

1 **Accordingly,**

2 **IT IS HEREBY ORDERED THAT:**

3 Defendants' Motion to Dismiss (Dkt. # 25) is DENIED.

5 DATED this 15th day of November, 2010.

7 /s/ Marsha S. Berzon
  MARSHA S. BERZON
8 United States Circuit Judge, sitting by designation