# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY R. HEMPHILL, | Case No. 2:09-cv-00116-MSB |
| Plaintiff, | **ORDER** |
| vs. | |
| HIGH DESERT STATE PRISON, *et al.*, | |
| Defendants. | |

On January 8, 2009, Plaintiff Billy R. Hemphill, currently incarcerated and proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 against Defendants T. Dillard and B. Nichols, both of whom are correctional officers. Hemphill alleges that the Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by subjecting him to excessive force. *See* Compl. (Dkt. # 1). Currently pending is the Defendants' Motion for Summary Judgment (Dkt. # 32). For the reasons that follow, the Court will construe Defendants' motion as a renewed motion to dismiss for failure to exhaust administrative remedies; so construed, the motion is GRANTED.

The Court assumes the parties familiarity with the facts and procedural history to date and only recites those facts necessary to the resolution of the pending motion. Hemphill's one-count Complaint alleges that on January 2, 2008, while being escorted back from a rules violation disciplinary hearing, Defendants punched him about the head and slammed him to the ground for no justifiable reason. *See* Compl. (Dkt. # 1).

After answering the Complaint, Defendants moved to dismiss Hemphill's Complaint, arguing that he had failed to exhaust all available administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). By order dated November 15, 2010, the Court denied Defendants' motion to dismiss, explaining:

> While failure to pursue an available administrative remedy is normally grounds for dismissal under the PLRA, Dillard and Nichols have not carried their burden to demonstrate such a failure. . . . [I]t is undisputed that Hemphill filed a third-level appeal. It is similarly undisputed that this appeal was rejected by the [California Department of Corrections and Rehabilitation ("CDCR")], apparently because of inadequate documentation. But there is no evidence that the CDCR properly notified Hemphill of its decision to screen out his appeal or that it fulfilled its regulatory obligation to provide Hemphill with "clear instructions" about the requisite steps "to qualify the appeal for processing." *See* Cal. Code Regs., tit. 15, § 3084.3(d). Moreover, Defendants have failed to explain which documents the CDCR required Hemphill to attach to his third level appeal, and therefore the Court cannot say that the CDCR was justified in rejecting this appeal.

Order dated Nov. 15, 2010 (Dkt. #31) at 5.

On January 12, 2011, Defendants moved for summary judgment. *See* Defs.' Mot. for Summ. J. (Dkt. # 32-1). Among other arguments, Defendants provide evidence to substantiate their claim that Hemphill failed to exhaust his administrative remedies. *See id.* at 9–10; Defs.' Statement of Undisputed Facts (Dkt. # 32-2) at 13–14; Ex. A to Foston Decl. (Dkt. # 32-9). Shortly after Defendants filed their motion, the Court notified Hemphill that he was required to file his response no later than February 25, 2011, and that the failure to do so could result in the granting of summary judgment to Defendants. *See* Order dated Jan. 31, 2011 (Dkt. # 34). Hemphill then moved for a 90-day extension of time to respond to Defendants' motion. *See* Pl.'s Mot. (Dkt. # 35). The Court granted Hemphill's request, providing him until May 25, 2011 to file his response. *See* Order dated Mar. 9, 2011 (Dkt. # 40). Once more, the Court warned Hemphill that his failure to respond to Defendants' motion could result in the Court granting it. *See id.*

Despite these warnings, to date Hemphill has failed to file a response to Defendants' motion. Based upon Defendants' moving papers, however, that does not seem to matter, as Defendants have demonstrated that Hemphill was provided with the

1  "clear instructions" about the requisite steps he needed to take "to qualify the appeal for
2  processing" at the third level of review.  *See* Cal. Code Regs., tit. 15, § 3084.3(d); Ex. A
3  to Foston Decl. (Dkt. # 32-9).  Thus, Defendants have carried their burden of proving that
4  Hemphill failed to exhaust all available administrative.  *See Woodford v. Ngo*, 548 U.S.
5  81, 90–91 (2006) ("[P]roper exhaustion demands compliance with an agency's deadlines
6  and other critical procedural rules."); *see also Jones v. Bock*, 549 U.S. 199, 212 (2007)*;*
7  *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005); *Wyatt v. Terhune*, 315 F.3d 1108,
8  1119 (9th Cir. 2003).

9         In *Wyatt*, the Ninth Circuit instructed district courts that a defendant's contention
10 that the prisoner-plaintiff failed to exhaust nonjudicial remedies "should be treated as a
11 matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a
12 motion for summary judgment."  315 F.3d at 1119.[1]  For that reason, the Court construes
13 Defendants' Motion for Summary Judgment as a motion to dismiss.  "If the district court
14 concludes that the prisoner has not exhausted nonjudicial remedies," *Wyatt* continued,
15 "the proper remedy is dismissal of the claim without prejudice."  *Id.* at 1120.

16 **Accordingly,**

17 **IT IS HEREBY ORDERED THAT:**

18        Defendants' Motion for Summary Judgment (Dkt. # 32), construed as a motion to
19 dismiss, is GRANTED due to Hemphill's failure to exhaust his administrative remedies,
20 as required by the PLRA, 42 U.S.C. § 1997e(a), and this case is DISMISSED, but without
21 prejudice to Hemphill refiling if he can successfully exhaust the available administrative
22 remedies.  The Clerk is directed to enter judgment accordingly and close this case.

23        DATED this 10th day of August, 2011.

/s/ Marsha S. Berzon
MARSHA S. BERZON
United States Circuit Judge, sitting by designation

---

[1] *Wyatt* also noted that a district court "may look beyond the pleadings and decide disputed issues of fact," but warned that if it did so, "then the court must assure that [the plaintiff] has fair notice of his opportunity to develop a record."  315 F.3d at 1119–20 & n.14.  Although the Court is looking beyond the pleading here, Hemphill, as mentioned, was provided ample notice of his opportunity to develop the factual record.